# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Houser and Catherine Burns,    :
                     Appellants    :
                                     :
                v.            :   No. 826 C.D. 2023
                                     :   SUBMITTED: May 7, 2024
County of Lycoming, Lycoming    :
County Board of Elections, Lycoming   :
County Commissioner Tony Mussare,   :
Lycoming County Commissioner     :
Scott Metzger, Lycoming County     :
Commissioner Richard Mirabito and   :
Forrest Lehman, Director of Elections  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                     **FILED: June 5, 2024**

      The above-captioned appeal involves a complaint in mandamus pertaining to the 2020 general election in Lycoming County. Appellants are Richard Houser and Catherine Burns, who allege that they are qualified electors in Lycoming County and members of a group called the Lycoming County Patriots. Dec. 6, 2022 Complaint, ¶¶ 1 and 15. Appellees are Lycoming County; Lycoming County Board of Elections; Lycoming County Commissioners Tony Mussare, Scott Metzger, and Richard Mirabito; and Director of Elections Forrest Lehman.

      In the complaint, Appellants alleged that they became aware of various fraud allegations, irregularities, and Pennsylvania Election Code[1] violations that

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

occurred during the 2020 general election in Lycoming County. Appellants presented their concerns to the Commissioners and met with them on several occasions. Complaint, ¶¶ 14, 18-19, 23, 25-30. After the Commissioners declined to vote for a forensic audit of the vote, Appellants filed the complaint demanding that the trial court order Appellees (1) to maintain any and all materials from the 2020 general election; (2) to perform a forensic audit by an independent third party; (3) to immediately report to the District Attorney's Office all of the suspicious activity that has been reported to the County and any suspicious activity that comes to light from the audit; and (4) to decertify the November 2020 election results for Lycoming County upon proof of fraud and irregularities. *Id*. at p. 11, Wherefore Clause.

In preliminary objections, Appellees asserted: (1) a demurrer to the complaint in its entirety; (2) a demurrer to naming the County and the individual parties as defendants because only the Board of Elections is the proper party; (3) an alternative objection in the form of a motion to strike certain allegations that are not pertinent to the claims raised in the complaint; and (4) a lack of proper verification in compliance with Rule 1024(a) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 1024(a). After Appellants filed substitute verifications, the Court of Common Pleas of Lycoming County considered the remaining three objections.

In an opinion authored by the Honorable Eric R. Linhardt, the trial court granted the demurrer to the complaint in its entirety and dismissed it with prejudice. Having done so, the trial court found it unnecessary to consider the remaining preliminary objections and dismissed them as moot. We affirm based on Judge Linhardt's well-reasoned opinion. In addition, we address Appellants' assertions regarding the Board's duty to report suspicious circumstances to the District

2

Attorney, which was not dealt with in Judge Linhardt's opinion, as well as Appellees' request for reasonable counsel fees under Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744.

Turning first to the duty to report suspicious circumstances, Section 302(i) of the Election Code provides:

> The county boards of elections, within their respective counties, shall exercise, in the manner provided by this act, all powers granted to them by this act, and shall perform all duties imposed upon them by this act, which shall include the following:
>
> . . . .
>
> (i) To investigate election frauds, irregularities and violations of this act, and to report all suspicious circumstances to the district attorney.

25 P.S. § 2642(i).

A plain reading of Section 302(i) indicates that the General Assembly imposed statutory duties on county boards of elections to investigate alleged frauds, irregularities, and Election Code violations *and* to report suspicious circumstances to their respective district attorneys. In performing those duties, if a board investigates *and* determines that there are no suspicious circumstances, then the duty to report does not come into play. A board bears only the duty to investigate and then to report circumstances which, in its sound judgment, are determined to be suspicious. That is all that the statute requires. In other words, it is within a board's discretion to determine whether there is *credible* evidence of suspicious

circumstances and no mandatory duty to report anything others may deem suspicious.[2]

Turning to Appellees' request for reasonable counsel fees, Rule 2744 provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee . . .
>
> . . . .
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. The assessment of such fees is at our discretion,[3] and we exercise our discretion here in deciding not to impose such fees.

Accordingly, we affirm based on Judge Linhardt's well-reasoned opinion in *Richard Houser and Catherine Burns v. County of Lycoming* (C.C.P. Lycoming, No. CP-41-CV-22-01219, filed July 5, 2023) (appended hereto).

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[2] Here, upon being notified of eleven allegedly suspicious registrations, the Board cancelled six of them, necessarily indicating that it received the complaint, conducted its own investigation, and acted on the results of that investigation. July 5, 2023 Trial Ct. Op. at 5 n.27. *See* Complaint, ¶¶ 36-38. An investigation does not always lead to making a report to a district attorney.

[3] G. Ronald Darlington et al., 20 West's Pa. Appellate Practice, § 2744.1 (2023-2024 ed.).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Houser and Catherine Burns,   :
                 Appellants   :
                              :

           v.                :    No. 826 C.D. 2023
                              :

County of Lycoming, Lycoming   :
County Board of Elections, Lycoming   :
County Commissioner Tony Mussare,   :
Lycoming County Commissioner   :
Scott Metzger, Lycoming County   :
Commissioner Richard Mirabito and   :
Forrest Lehman, Director of Elections   :

## O R D E R

AND NOW, this 5th day of June, 2024, the order of the Court of Common Pleas of Lycoming County is hereby AFFIRMED. In addition, Appellees' request for reasonable counsel fees pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744, is hereby DENIED.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY,
PENNSYLVANIA

RICHARD HOUSER and CATHERINE
BURNS,
                    Plaintiffs,

vs.

COUNTY OF LYCOMING, LYCOMING
COUNTY BOARD OF ELECTIONS,
LYCOMING COUNTY COMMISSIONER
TONY MUSSARE, LYCOMING COUNTY
COMMISSIONER SCOTT METZGER,
LYCOMING COUNTY COMMISSIONER
RICHARD MIRABITO and FORREST
LEHMAN, DIRECTOR OF ELECTIONS.
                    Defendants.

:
:  No. CV 22-01,219
:
:
:  CIVIL ACTION - LAW
:
:
:
:
:
:
:
:
:
:



## OPINION AND ORDER

AND NOW, this 5th day of July, 2023, upon consideration of the Preliminary

Objections of Defendants to Plaintiffs' Complaint, it is hereby ORDERED and

DIRECTED that the Preliminary Objections are GRANTED in part, as follows:

## I. BACKGROUND.

Plaintiffs Richard Houser and Catherine Burns filed their Complaint in

Mandamus on December 6, 2022. Plaintiffs allege that they are adult individuals,

citizens and qualified electors of Lycoming County.[1] The gravamen of Plaintiffs'

Complaint consists of various allegations of fraud pertaining to the 2020 general

election in Lycoming County, together with their demand that the County respond

to their allegations by performing a forensic audit, among other things.[2]

Defendant County of Lycoming is a Pennsylvania County organized and

existing under Pennsylvania's County Code.[3] Defendant Lycoming County Board

---

[1] Complaint, ¶ 1.
[2] Complaint, Prayer for Relief.
[3] 16 P.S. §§ 101, et seq.

of Elections is established by statute and granted "jurisdiction over the conduct of primaries and elections" in Lycoming County, in accordance with the provisions of the Election Code.[4] Plaintiffs' allege that membership in the Board of Elections consists of the presently elected County Commissioners and the Director of Elections.[5] The Director of Elections is not a member of the Board of Elections, however.[6] Defendants Scott Metzger, Tony Mussare and Richard Mirabito were Commissioners of the County of Lycoming at all times material to the events in the Complaint.[7] Defendant Forrest Lehman was the Director of Elections for Lycoming County at all times material.[8]

Plaintiffs allege they are members of a group called the Lycoming County Patriots, which became aware of various allegations of fraud, irregularities and violations of the Election Code that occurred during the 2020 general election in Lycoming County and which presented those concerns to the Commissioners.[9] Members of the Lycoming County Patriots met with the Commissioners on several occasions in an attempt to convince them to conduct a forensic audit of the vote, which, they assert, would be funded privately, at no cost to the County.[10] When the County Commissioners declined to vote to conduct such an audit, Plaintiffs'

---

[4] 25 P.S. § 2641.
[5] Complaint, ¶ 3. The Board of Elections consists of the County Commissioners, 25 P.S. § 2641(b), except when one of them is on the ballot, in which case the President Judge of the Court of Common Pleas must appoint a judge or elector in the County to replace any Commissioner who is on the ballot for a given election. 25 P.S. § 2641(c). Since this litigation concerns the 2020 general election, which was conducted in a year when the Commissioners were not on the ballot, the County Commissioners served as the Board of Elections of Lycoming County for the 2020 general election.
[6] See 25 P.S. § 2641(b).
[7] Complaint, ¶¶ 4-6.
[8] Complaint, ¶ 7.
[9] Complaint, ¶¶ 14, 18-19, 23, 25-30.
[10] Complaint, ¶¶ 17, 20-22.

2

sued in mandamus in an attempt to force the Commissioners to perform the forensic audit.[11]

On December 27, 2022, Defendants filed preliminary objections to the Plaintiffs' Complaint. They assert four objections:

A. Defendants' first objection is a demurrer to the Complaint in its entirety. Defendants assert that Plaintiffs seek to compel performance of a discretionary act and/or to dictate the manner of performance of a required act, when mandamus does not lie for those purposes.[12] Defendants also contend that the gravamen of Plaintiffs' Complaint is a challenge to the 2020 general election and the Plaintiffs failed to follow the required procedures for such a challenge enumerated in the Election Code.[13]

B. Defendants' second objection is a demurrer to naming the County and the individual parties as defendants. Defendants contend that the Lycoming County Board of Elections is the proper party defendant and that Plaintiffs have not stated any legally cognizable claims against the other defendants.[14]

C. Defendants' third objection is raised in the alternative and is a motion to strike certain allegations Defendants claim are not pertinent to the claims raised in the Complaint.[15]

D. Defendants' fourth objection asserts that the Complaint is not properly verified in compliance with Rule 1024(a), Pennsylvania Rules of Civil Procedure.[16]

Plaintiffs filed a Reply to Defendants' Preliminary Objections on January 17, 2023, and the Court heard argument on April 27, 2023.[17] Subsequent to filing of the Preliminary Objections but prior to argument, Plaintiffs filed a Praecipe to Substitute Verifications, which Defendants' agree resolved their fourth objection. Thus, Defendant's remaining Preliminary Objections are now ripe for decision.

---

[11] Complaint, ¶¶ 21, 31, 39, 54-60.
[12] Preliminary Objections, ¶¶ 4-11.
[13] Preliminary Objections, ¶¶ 12-18.
[14] Preliminary Objections, ¶¶ 20-23.
[15] Preliminary Objections, ¶¶ 25-30.
[16] Preliminary Objections, ¶¶ 32-35.
[17] Argument was originally scheduled for March 10, 2023 but was continued at the request of counsel for the Plaintiffs.

3

## II. LAW AND ANALYSIS.

"'[A] demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law.'"[18]

> "Preliminary objections in the nature of a demurrer should be granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true."[19]

A demurrer should be granted when, "on the facts averred, the law says with certainty that no recovery is possible."[20]

### A. Plaintiffs' demand for a forensic audit of the 2020 general election.

"Mandamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy."[21] It is not intended to create legal rights; rather, its purpose is to enforce those rights which already are established.[22] "Mandamus cannot issue 'to compel performance of a discretionary act or to govern the manner of performing [a] required act.'"[23] As our Supreme Court has explained:

---

[18] *Matteo v. EOS USA, Inc.*, 292 A.3d 571, 576 (Pa. Super. 2023) (quoting *Laret v. Wilson*, 279 A.3d 56, 58 (Pa. Super. 2022)).

[19] *Garcia v. American Eagle Outfitters, Inc.*, 293 A.3d 252, 254-55 (Pa. Super. 2023) (quoting *Caltagirone v. Cephalon, Inc.*, 190 A.3d 596, 599 (Pa. Super. 2018) (citations omitted)), *alloc. denied*, 195 A.3d 854 (Pa. 2018).

[20] *MacElree v. Philadelphia Newspapers, Inc.*, 674 A.2d 1050, 1054 (Pa. 1996) (quoting *Vattimo v. Lower Bucks Hospital, Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983)).

[21] *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001) (citing *Pennsylvania Dental Ass'n v. Commonwealth Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986)).

[22] *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Commw. 2007) (citing *Jamieson v. Pennsylvania Board of Probation and Parole*, 495 A.2d 623, 625 (Pa. Commw. 1985)).

[23] *Brown v. Levy*, 73 A.3d 514, 516 n.2 (Pa. 2013) (quoting *Volunteer Firemen's Relief Ass'n of the City of Reading v. Minehart*, 203 A.2d 476, 479 (Pa. 1964)).

While this Court has said that mandamus will not lie to compel discretionary acts, ... this has usually been interpreted to mean that while a court may direct that discretion be exercised, it may not specify how that discretion is to be exercised nor require the performance of a particular discretionary act.... The writ cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; to review or compel the undoing of an action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though the decision was wrong; to influence or coerce a particular determination of the issue involved; or to perform the function of an appeal or writ of error....[24]

Plaintiffs seek a writ of mandamus compelling the Lycoming County Board of Elections to procure a forensic audit of the 2020 general election through an independent third party,[25] although there is no provision in the Election Code mandating the Board of Elections carry out such an audit. Plaintiffs point to the Board's duty to investigate fraud, irregularities and violations of the Election Code[26] and assert that, in light of the irregularities Plaintiffs identified, the Board must investigate those irregularities by means of a forensic audit. As is apparent from Plaintiffs' Complaint, the Board did investigate irregularities,[27] but not in the manner preferred by Plaintiffs. Mandamus cannot compel the Board to exercise its discretion or judgment in a particular way or to modify a decision resulting from the exercise of such discretion or judgment, even if the decision is wrong.[28]

---

[24] *Pennsylvania Dental Ass'n v. Commonwealth Ins. Dep't, supra,* 516 A.2d at 652 (citations omitted).

[25] Complaint, Prayer for Relief, ¶ b.

[26] 25 P.S. § 2642(i): "The county boards of elections ... shall ..., in the manner provided for in ... [the Election Code], investigate election frauds, irregularities and violations of ... [the Election Code], and ... report all suspicious circumstances to the district attorney."

[27] For example, upon being notified of eleven suspicious registrations, the Board cancelled six of them, necessarily indicating that the Board received the complaint, conducted its own investigation, and acted on the results of its investigation. Complaint, ¶¶ 36-38.

[28] *Pennsylvania Dental Ass'n v. Commonwealth Ins. Dep't, supra,* 516 A.2d at 652.

5

Because mandamus cannot compel Defendants to conduct a forensic audit of the 2020 general election by an independent third party, Plaintiffs' Complaint is legally insufficient and fails to state a claim upon which relief can be granted.

## B. *Plaintiffs' challenge to the 2020 general election.*

Plaintiffs' Complaint asks the Court to compel the Board of Elections to conduct a forensic audit and "upon proof of fraud and irregularities in the November 2020 election ... order ... the Board of Elections to decertify the results of the 2020 election for Lycoming County...."[29]

"Jurisdiction to resolve election disputes is not of common law origin but is founded entirely upon statute and cannot be extended beyond the limits defined by the General Assembly."[30] Because of this, the statutory provisions of the Election Code are "the exclusive means for challenging the accuracy of election results."[31] The Commonwealth Court explains a court's jurisdiction to hear election disputes as follows:

> [O]ur jurisdictional case law informs of two principles.... First, only those procedures specified by the Code invoke the jurisdiction of the board or court and, second, those provisions are strictly construed and such jurisdiction will attach only if they are followed in all respects.[32]

Because the Lycoming County returns for the 2020 general election have been officially certified,[33] the only manner in which Plaintiffs or another complainant may challenge the election result is to file an election contest in the

---

[29] Complaint, Prayer for Relief, ¶ d.
[30] *Rinaldi v. Ferrett*, 941 A.2d 73, 78 (Pa. Commw. 2007) (citing *In re Granting Malt Beverage Licenses*, 1 A.2d 670, 671 (Pa. 1938); *Gunnett v. Trout*, 112 A.2d 333, 336 (Pa. 1955); *Tartaglione v. Graham*, 573 A.2d 679, 680 n. 3 (Pa. Commw. 1990); *Reese v. Bd. of Elections of Lancaster County*, 308 A.2d 154, 158 (Pa. Commw. 1973)).
[31] *Id.*
[32] *Id.*, at 79.
[33] Complaint, Prayer for Relief, ¶ d. Although Plaintiffs do not allege in their Complaint that the election has been certified, their request that it be decertified presupposes that it has been certified.

6

court of common pleas.[34] The election contest must be conducted in accordance with Chapter 14, Article XVII of the Election Code.[35] A challenge to a presidential election is considered a Class II election contest,[36] which must be commenced in court by petition of at least one hundred electors[37] filed within twenty days after the primary or election being contested.[38] The petitioners must be registered electors who voted at the primary or election being contested, and at least five of the petitioners must verify the petition by affidavit taken and subscribed before some person authorized by law to administer oaths.[39] Within five days after the petition is filed, petitioners must post a bond.[40]

"[W]ell-established case law dictates strict adherence to the statutory requirements,"[41] and failure to follow the statutory procedures exactly deprives the Court of jurisdiction to hear the election contest.[42] This litigation was commenced more than two years after the election at issue by two electors, who did not verify the petition by affidavit taken and subscribed before some person authorized by law to administer oaths and who did not post a bond. Thus, Plaintiffs did not strictly adhere to the statutory requirements for contesting the 2020 election, which means this Court lacks jurisdiction to make an order affecting that election.

---

[34] *See In re 2003 General Election for Office of Prothonotary of Washington County, Appeal of Matheny,* 849 A.2d 230, 235 (Pa. 2004).
[35] 25 P.S. §§ 3261-3477.
[36] 25 P.S. § 3291.
[37] 25 P.S. § 3351.
[38] 25 P.S. § 3456.
[39] 25 P.S. § 3457.
[40] 25 P.S. § 3459.
[41] *Rinaldi v. Ferrett, supra,* 941 A.2d at 77.
[42] *Id.,* at 79. *See also, e.g., In re 2003 General Election for Office of Prothonotary of Washington County, Appeal of Matheny, supra,* 849 A.2d at 230, where our Supreme Court held that when electors who sign a petition for recount do not verify the averments of their petition by means of an oath or affirmation before a notary or other public official, that improper verification is "a jurisdictional defect that [cannot] be cured." *Id.,* at 240 (citing *In re Opening of Ballot Boxes, Montour County,* 718 A.2d 774, 777 (Pa. 1998) ("[I]t has been consistently held for more than eighty years that a recount petition not verified in accordance with the statutory requirements does not properly invoke the jurisdiction of the common pleas court and should be dismissed")).

7

Accordingly, to the extent Plaintiffs are contesting the 2020 general election, the Court lacks jurisdiction over the subject matter of this dispute and, therefore, lacks the ability to grant the relief they seek.

## III. CONCLUSION.

Plaintiffs seek a writ of mandamus to compel performance of a discretionary duty or to dictate the manner in which a mandatory duty is discharged. Both are beyond the power of mandamus. Thus, Plaintiffs' Complaint is legally insufficient and fails to state a claim upon which relief can be granted. Moreover, to the extent Plaintiffs are contesting the 2020 general election, they are doing so in a manner not authorized by Pennsylvania law, which deprives this Court of jurisdiction over the subject matter of the dispute. As such, it is hereby ORDERED and DIRECTED as follows:

1. Defendants' demurrer to Plaintiffs' Complaint in its entirety is GRANTED;

2. Plaintiffs' Complaint is DISMISSED with prejudice;

3. Because the Court is dismissing Plaintiffs' Complaint in its entirety, it is unnecessary to consider Defendants remaining Preliminary Objections, which are DISMISSED as moot; and

4. The Prothonotary shall mark the record accordingly.

IT IS SO ORDERED.

BY THE COURT,

_____
Eric R. Linhardt, Judge

ERL/bel

cc:  Gregory A. Stapp, Esquire
J. David Smith, Esquire
J. Michael Wiley, Esquire
Prothonotary

8